**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **OGALLALA COMMUNITY HOSPITAL** | ) | |
| **AND HEALTH FOUNDATION, INC.,** | ) | **7:04CV5012** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CORRECTED**[1] |
| vs. | ) | **AMENDED** |
| | ) | **FINAL PROGRESSION ORDER** |
| **VITZTUM COMMERCIAL FLOORING,** | ) | |
| **INC., AMCO INSURANCE COMPANY,** | ) | |
| **HORTY ELVING CONSTRUCTION** | ) | |
| **SERVICES, INC. and** | ) | |
| **HORTY ELVING & ASSOCIATES, INC.,** | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| **VITZTUM COMMERCIAL FLOORING,** | ) | |
| **INC. and** | ) | |
| **AMCO INSURANCE COMPANY,** | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DEPENDABLE CHEMICAL CO., INC. and** | ) | |
| **MANKINI VINYL INSTALLATION,** | ) | |
| | ) | |
| Third Party Defendants. | ) | |

This matter is before the court on the following motions: Dependable Chemical Company, Inc.'s Motion for Additional Time to Disclose the Opinions and Identification of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2) (Filing No. 57); Horty Elving Construction Services, Inc. and Horty Elving & Associates, Inc.'s Motion for Extension of Time to Provide Opinions of Trial Expert (Filing No. 63); and Vitztum Commercial Flooring's Motion for Enlargement of Time (Filing No. 64). Each of the movants seeks additional time to make

---

[1] The previous order erroneously scheduled the final pretrial conference to be held in Omaha on April 17, 2006, at 10:00 a.m. The final pretrial conference is scheduled to be held in North Platte, Nebraska, on April 17, 2006, at 10:00 a.m.

expert disclosures, and in some cases, other discovery deadlines. Upon consideration the progression order deadlines will be modified as set forth below.

**IT IS ORDERED:**

1. Dependable Chemical Company, Inc.'s Motion for Additional Time to Disclose the Opinions and Identification of Expert Witnesses Pursuant to Fed. R. Civ. P. 26(a)(2) (Filing No. 57); Horty Elving Construction Services, Inc. and Horty Elving & Associates, Inc.'s Motion for Extension of Time to Provide Opinions of Trial Expert (Filing No. 63); and Vitztum Commercial Flooring's Motion for Enlargement of Time (Filing No. 64) are granted as set forth herein.

2. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **December 1, 2005.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

3. **Disclosure of Expert Witnesses.**[2] All parties shall serve all other parties with a statement of the expert witnesses that party expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon as practicable, but **not later than October 3, 2005**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses **not later than November 1, 2005**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these

---

[2] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

2

disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

    4.    **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

        A.    **Nonexpert Witnesses - On or before November 1, 2005:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

        B.    **Deposition Testimony and Discovery - On or before April 2, 2006:**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NECivR 16.2.

        C.    **Trial Exhibits - On or before April 2, 2006:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

        D.    **Waiver of Objections:**  Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

        E.    **Filing of Disclosures:**  The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

5.  **Motions in Limine.**

A.  *Daubert* **Motions.**  Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before January 3, 2006**, in the absence of which any objection based upon said rule shall be deemed waived.  **See *Kumho Tire Co., Ltd. v. Carmichael*** , 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharms.***, 509 U.S. 579 (1993).

B.  **Any other** motions *in limine* shall be filed not later than **April 10, 2006**.

6.  **All** motions for summary judgment shall be filed **on or before November 18, 2005**.  **See** NECivR 56.1 and 7.1.

7.  **The Final Pretrial Conference** with the undersigned magistrate judge is set for **April 17, 2006, at 10:00 a.m.**  in chambers, Federal Building, 3rd Floor, 300 East 3rd Street, North Platte, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

8.  **Trial** is set to commence **at 8:30 a.m. on May 1, 2006,** in North Platte, Nebraska, before the Honorable Lyle E. Strom and a jury.

9.  **Motions to Alter Dates.**  All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

DATED this 6th day of June, 2005.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge

4