```
           IN THE UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEBRASKA

OGALLALA COMMUNITY HOSPITAL    )
AND HEALTH FOUNDATION,         )
                               )
          Plaintiff,           )          7:04CV5012
                               )
     v.                        )
                               )
VITZTUM COMMERCIAL FLOORING,   )          ORDER
INC., a Kansas corporation,    )
et al.,                        )
                               )
          Defendants.          )
_____)
VITZTUM COMMERCIAL FLOORING,   )
INC., and AMCO INSURANCE       )
COMPANY, an Iowa corporation,  )
surety,                        )
                               )
     Third-Party Plaintiffs,   )
                               )
     v.                        )
                               )
DEPENDABLE CHEMICAL CO., INC., )
and MANKINI VINYL              )
INSTALLATION,                  )
                               )
     Third-Party Defendants.   )
_____)
```

This matter is before the Court on defendant and third-party plaintiff Vitzum Commercial Flooring, Inc.'s ("Vitzum") motion to compel discovery (Filing No. 113-1).  Vitzum asks this Court to order third-party defendant Dependable Chemical Co., Inc. ("Dependable"), to answer written interrogatories 4, 5, 7 and 22 and to produce responses to requests for production of documents, specifically, reports by experts; notes, memoranda, calculations or correspondence of experts; and "complete copies

of all reports, documents and things including physical models, compilation of data and other material prepared by or for an expert in anticipation of the expert's trial deposition testimony" (Requests No. 4, 5 and 6).  After reviewing the motion, the evidentiary submissions and the applicable law, the Court finds the motion should be granted.

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. Pro. 26(b)(1).  Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Rule 26(b)(1) has been construed liberally "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Dependable has not responded to this motion even though its response was due on January 12, 2006.  Therefore the Court will grant Vitzum's motion to compel.  Accordingly,

-2-

IT IS ORDERED:

1) Defendant and third-party plaintiff Vitzum Commercial Flooring, Inc.'s motion to compel discovery is granted; and

2) Third-party defendant Dependable Chemical Co., Inc. shall produce answers to interrogatories 4, 5, 7 and 22 and responses to requests number 4, 5, and 6 on or before February 13, 2006.

DATED this 26th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court