IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OGALLALA COMMUNITY HOSPITAL<br>AND HEALTH FOUNDATION, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 7:04CV5012 |
| v. | )<br>) | |
| VITZTUM COMMERCIAL FLOORING,<br>INC., a Kansas corporation,<br>et al., | )<br>)<br>)<br>) | ORDER |
| Defendants. | )<br>) | |
| VITZTUM COMMERCIAL FLOORING,<br>INC., and AMCO INSURANCE<br>COMPANY, an Iowa corporation,<br>surety, | )<br>)<br>)<br>)<br>) | |
| Third-Party Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| DEPENDABLE CHEMICAL CO., INC.,<br>and MANKINI VINYL<br>INSTALLATION, | )<br>)<br>)<br>) | |
| Third-Party Defendants. | ) | |

This matter is before the Court on defendants Horty Elving & Associates' and Horty Elving Construction Services, Inc.'s (together "Horty Elving") motion to amend answer (Filing No. 199) filed on June 22, 2006, to raise the affirmative defense of the bar of the statute of limitations and defendants Vitzum Commercial Flooring, Inc., Amco Insurance Company and Horty Elving's joint motion to continue the progression order (Filing No. 200). Plaintiff has filed an objection to the motion to

amend (Filing No. 206), alleging that allowing Horty Elving to amend its answer more than two years after it filed its original answer and after discovery was closed under all but the most recent progression schedules is unduly prejudicial because it would necessitate retaking at least one deposition which has been previously completed and would also necessitate the taking of the deposition of Horty Elving's job site representative, Wally Moe. Plaintiff alleges that allowing Horty Elving to amend its answer at this late date would constructively deny plaintiff appropriate defenses against the statute of limitations defense which Horty Elving seeks to raise by amending its answer.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962)(absent "any apparent or declared reason –- such as undue delay, bad faith or . . . undue prejudice to the opposing party" leave should be freely given). Although leave to amend should be freely given, the Eighth Circuit has stated that, "[w]hen the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." *In Re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and

-2-

effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id*. at 437-38 (*quoting Sosa v. Airprint Sys.*, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)).

In *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) the Seventh Circuit Court of Appeals held that a district court did not abuse its discretion in denying a motion to amend an answer to add an affirmative defense two years after the filing of a complaint because the court found that allowing the amendment would prejudice the plaintiff by requiring it to conduct additional discovery.  Thus, the Seventh Circuit held that the district court did not abuse its discretion in refusing the amendment because of undue delay by the defendant in seeking to amend its answer two years after the filing of the complaint. *Id*.

Here, plaintiff asserts that it would be prejudiced by allowing this amendment more than two years after Horty Elving filed its answer.  Specifically it asserts that allowing this amendment would necessitate retaking at least one deposition which has been previously completed and would also necessitate the taking of the deposition of Horty Elving's job site representative, Wally Moe.  Thus, because this amendment would necessitate that plaintiff conduct additional discovery at this

late date, plaintiff asserts that the Court should deny Horty Elving's motion to amend its answer.

While the original discovery deadlines have passed, the Court, in its order dated June 7, 2006, gave all parties until August 31, 2006, to complete discovery (Filing No. 184). The motion to amend is not out of time so as to necessitate a showing of good cause by the defendant under Rule 16. Still, the Court could deny the motion based upon the undue delay in filing the motion to amend and the unfair prejudice to plaintiff that would result. The Court notes that all other defendants have asserted a statute of limitations defense, so that while this defense may be new as to Horty Elving, it is not new to the case.

The Court also notes that defendants have joined to file a motion to amend the current progression order so as to extend the discovery deadline and the deadline for filing of motions for summary judgement, motions in limine and Daubert motions until October 31, 2006 (Filing No. 200). In addition, these defendants also ask the Court to reschedule the pre-trial conference for December, 2006, and the trial for some time in 2007. The Court recognizes that the undue prejudice would be diminished, if not eliminated, if the Court extends the discovery deadlines in this action. Accordingly,

IT IS ORDERED:

1) Defendant Horty Elving's motion to amend its answer (Filing No. 199) is granted. The amended answer shall be filed on or before July 17, 2006.

2) Defendants Vitzum Commercial Flooring, Inc., Amco Insurance Company and Horty Elving's joint motion to continue the progression order (Filing No. 200) is granted.

3) The deadline for completion of all discovery is changed to September 30, 2006, and the deadline for all pre-trial motions including motions in limine, motions for summary judgment and Daubert motions is changed to October 31, 2006; the pretrial conference will be rescheduled for December 2006; and trial will be continued until 2007. An amended progression order will be entered in accordance with these deadlines.

4) Plaintiff's objection to motion to amend answer (Filing No. 206) is overruled.

DATED this 11th day of July, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court