IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
OGALLALA COMMUNITY HOSPITAL    )
AND HEALTH FOUNDATION,         )
                               )
          Plaintiff,           )       7:04CV5012
                               )
     v.                        )
                               )
VITZTUM COMMERCIAL FLOORING,   )       ORDER
INC., a Kansas corporation,    )
et al.,                        )
                               )
          Defendants.          )
_____)
VITZTUM COMMERCIAL FLOORING,   )
INC., and AMCO INSURANCE       )
COMPANY, an Iowa corporation,  )
surety,                        )
                               )
     Third-Party Plaintiffs,   )
                               )
     v.                        )
                               )
DEPENDABLE CHEMICAL CO., INC., )
and MANKINI VINYL              )
INSTALLATION,                  )
                               )
     Third-Party Defendants.   )
_____)
```

This matter is before the Court after the Court's *in camera* review of the detailed privilege log and the documents therein listed submitted by third-party defendant Dependable Chemical Co., Inc. ("Dependable").

As set forth in Rule 26(b)(3), the work product privilege only protects documents from discovery that were "prepared in anticipation of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987). Deciding whether the

documents were prepared in "anticipation of litigation" is a factual determination. *Id.*

> The test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Id.* (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024, at 198-99 (1970)(footnotes omitted).

The party asserting the work product privilege bears the burden of providing a factual basis for establishing the applicability of the privilege. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 628 (N.D. Iowa 2000). "The party asserting the privilege 'meets its burden of providing a factual basis for asserting the privilege[] when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its . . . counsel.'" *Id.* (*quoting In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir.), *cert denied*, 521 U.S. 1105, 117 S. Ct. 2482, 138 L. Ed. 2d 991 (1997)). Upon meeting this burden, the burden shifts

-2-

to the party opposing the privilege to prove "substantial need" and "undue hardship" in order to obtain the materials. *Id*. The privilege log was previously submitted and on July 5, 2006, Dependable submitted the affidavit of Meredith J. Morgans who asserts that she is one of the attorneys of record for Dependable (Filing No. 204).[1]

Having reviewed the privilege log and the affidavit, the Court finds that only the Interoffice Memo of 4/2/03 is protected by the work product privilege. For all other documents, Dependable has failed to provide sufficient detail, either in the privilege log or in their attorney's affidavit to effectively assert a "factual basis for establishing the applicability of the privilege." *Etten v. U.S. Food Service, Inc.*, 2006 U.S. Dist. LEXIS 10687 (N.D. Iowa Feb. 27, 2006)(citing St. Paul, 197 F.R.D. at 628). Accordingly,

IT IS ORDERED:

1) The work product privilege does apply to the Interoffice Memo dated 4/2/03 as listed in third-party defendant

---

[1] A review of the docket sheet for this action fails to find Ms. Morgans listed as an attorney of record for Dependable. Nevertheless, the Court will accept Ms. Morgans' representation that she "one of the attorneys of record for defendants in this action" so that this affidavit can be considered (Morgans Aff. ¶ 1).

-3-

Dependable Chemical Co., Inc.'s detailed privilege log and thus this need not be produced.

2) The work product privilege does not apply to the other eleven documents listed in third-party defendant Dependable Chemical Co., Inc.'s detailed privilege log and must be made available to opposing parties.

DATED this 11th day of July, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court