IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OGALLALA COMMUNITY HOSPITAL AND HEALTH FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | 7:04CV5012 |
| v. | ) ) | |
| VITZTUM COMMERCIAL FLOORING, INC., a Kansas corporation, et al., | ) ) ) ) | ORDER |
| Defendants. | ) ) | |
| VITZTUM COMMERCIAL FLOORING, INC., and AMCO INSURANCE COMPANY, an Iowa corporation, surety, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| DEPENDABLE CHEMICAL CO., INC., and MANKINI VINYL INSTALLATION, | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the Court on a motion to compel (Filing No. 220). The Court has conducted an in camera review of twenty log books dated from November 28, 1996, through January 29, 2001 (and later), submitted by third-party defendant Dependable Chemical Co., Inc. ("Dependable"). Defendant and third-party plaintiff Vitztum Commercial Flooring, Inc. ("Vitztum") seeks production of these log books asserting that they are responsive to discovery demands made upon Dependable.

Having conducted an *in camera* review of the twenty log books, the Court finds that twelve of the twenty log books are responsive to discovery requests while eight show no relevancy to the issues at hand. For example, in the first log book reviewed for the period from November 28, 1995, through April 22, 1996, the Court identified approximately 120 pages that are responsive to the discovery demands made by Vitztum which had not previously been produced. A partial review of the next log book dated June 25, 1996, through August 15, 1996, found over twenty-five pages that were responsive that had not been produced. In light of the volume of pages which the Court has determined are responsive, but which have not been previously voluntarily produced by Dependable, the Court will order the complete production of all twelve log books deemed responsive. The Court will also award Vitztum attorney fees and costs incurred in litigating this issue. Accordingly,

IT IS ORDERED:

1) The motion to compel is granted in part and denied in part. The log books dated 12/10/97 - 3/17/98, 3/18/98 - 7/24/98, 3/24/99 - 5/13/99, 5/14/99 - 8/5/99, 1/4/00 - 5/22/00, 5/23/00 - 9/13/00 and 1/29/01 - --> as well as the log book labeled "QC & Short Term Data Books" need not be produced.

2) All other log books are responsive and should must be produced in full to Vitztum no later than October 18, 2006.

-2-

These log books are labeled 11/28/95 - 4/22/96, 4/23/96 - 6/24/96, 6/25/96 - 8/15/96, 8/16/96 - 2/4/97, 2/5/97 - 6/27/97, 6/30/97 - -->, 8/14/97 - 12/10/97, 7/27/98 - 10/30/98, 10/31/98 - 1/27/99, 1/27/99 - 3/23/99, 8/9/99 - 12/29/99, and 9/14/00 - 1/26/01.

    3)  A non-disclosure agreement has previously been entered into by all parties.  This non-disclosure agreement will also apply to the produced log books.

    4) Vitztum is prohibited from disclosing the contents of these log books to anyone other than Vitztum and its experts.

    5) Vitztum's request for attorney fees and costs is granted.  Vitztum is directed to submit affidavits in support of its request for attorney fees and costs no later than October 27, 2006.

    DATED this 11th day of October, 2006.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court